UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joanne C. Rietschel,                                             Civil No. 06-3712 (DWF/JJG)

                Plaintiff,

v.                                                                **ORDER AND MEMORANDUM**

Michael J. Astrue, Commissioner of
Social Security,

                Defendant.

---

Fay E. Fishman, Esq., Peterson & Fishman, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

---

       This matter is before the Court upon Plaintiff Joanne C. Rietschel's objections to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated October 1, 2007, recommending that: (1) Plaintiff's Motion for Summary Judgment be granted in part to the extent it seeks remand of this matter for further proceedings consistent with the Report and Recommendation and denied in part to the extent that it seeks reversal with an immediate award of benefits; (2) Defendant's Motion for Remand be granted in part to the extent it seeks remand of this matter for further proceedings consistent with the Report and Recommendation and denied in part to the extent it seeks consideration on remand of matters inconsistent with the Report and Recommendation; and (3) the matter

be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation. Defendant Michael J. Asture, Commissioner of Social Security, has filed a Response to Report and Recommendation (Doc. No. 24) dated October 10, 2007, and a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 25) dated October 12, 2007.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.    Plaintiff Joanne C. Rietschel's objections (Doc. No. 22) to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated October 1, 2007, are **DENIED**.

2.    Magistrate Judge Jeanne J. Graham's Report and Recommendation dated October 1, 2007 (Doc. No. 21), is **ADOPTED**.

   3.   Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED IN PART** to the extent it seeks remand of this matter for further proceedings consistent with the Report and Recommendation and **DENIED IN PART** to the extent that it seeks reversal with an immediate award of benefits.

   2.   Defendant's Motion for Remand (Doc. No. 16) is **GRANTED IN PART** to the extent it seeks remand of this matter for further proceedings consistent with the Report and Recommendation and **DENIED IN PART** to the extent it seeks consideration on remand of matters inconsistent with the Report and Recommendation.

   3.   This matter is **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

Dated:  December 14, 2007         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court

**MEMORANDUM**

Plaintiff objects to the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham, asserting that reversal of the Administrative Law Judges's ("ALJ") decision was the appropriate remedy rather than a remand consistent with the R&R. Specifically, Plaintiff contends that the Magistrate Judge found that the record supported Plaintiff's limitation to part-time, low-stress work.  Thus, Plaintiff asserts that a remand is inappropriate because there is nothing left for the ALJ to adjudicate.

The Court respectfully disagrees with Plaintiff's characterization of the R&R. The Magistrate Judge did not make a finding that Plaintiff was restricted to part-time, low-stress work. Rather, the Magistrate Judge recommended remand so that the ALJ could properly consider the limitations to part-time, low-stress work–such limitations which were apparently not considered in the ALJ's initial findings. As such, remand for further proceedings consistent with the R&R is the appropriate remedy.

D.W.F.